Kevin SCHISLER, Appellant,

v.

AMERICAN FAMILY INS.
CO., Respondent.

No. 46784.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 20, 1983.

Hazelwood, Barklage & Barklage, Daniel K. Barklage, St. Charles, for appellant.

Rollin J. Moerschel, Hannegan, Knight, Stokes, Moerschel, Schoeneberg & Weber, St. Charles, for respondent.

CRIST, Presiding Judge.

Garnishment of American Family Ins. Co. (insurance company) after a jury verdict for Kevin Schisler (garnishor) on a claim insurance company's insured intentionally struck garnishor. We affirm.

Garnishor and insured were softball players on opposing teams. Garnishor played shortstop, and insured was a runner on first base. Thereafter, while enroute to second base, insured left the base path and struck garnishor with a cross-body block.

Garnishor sued, alleging theories of both negligence and intentional act. He submitted the case to the jury only on the intentional act theory, using verdict director MAI 23.02, a "Battery Intent to Harm" instruction. The jury found for garnishor, awarding $12,500.00.

This garnishment proceeding was then filed. The insurance policy issued by insurance company to insured excluded from coverage bodily injury that is "expected or intended from a standpoint of any insured." Insurance company relied on this exclusion to resist the garnishment.

Garnishor asserts insurance company must pay because he made a prima facie case insured did not intend the results of his actions, and insurance company offered no evidence to rebut his prima facie case. At the garnishment trial, garnishor offered testimony of the insured at the original trial showing insured did not intend to hurt garnishor.

Garnishor pled, proved and submitted to the jury his theory of intentional act. The jury returned a verdict on intentional act. The mere fact insured had testified at the original trial he did not intend the consequences of his intentional act is not suffi-

cient to change the jury submission and verdict. See *Truck Insurance Exchange v. Pickering,* 642 S.W.2d 113, 116 (Mo.App. 1982) and *Hanover Ins. Co. v. Newcomer,* 585 S.W.2d 285, 289 (Mo.App.1979).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.